**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4770

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

QUANG T. NGUYEN,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (CR-04-279)

Argued:  October 26, 2006          Decided:  December 28, 2006

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Kimberly Riley Pedersen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant.  Thomas Brian Walsh, PETROVICH & WALSH, P.L.C., Springfield, Virginia, for Appellee.  **ON BRIEF:** Paul J. McNulty, United States Attorney, Alexandria, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The government appeals a district court order that replaced the defendant's original sentence with an alternative one announced pursuant to United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004). We conclude that the district court lacked jurisdiction to alter the original sentence. We therefore do not reach the government's arguments that the alternative sentence was unreasonable.

I.

Quang The Nguyen pled guilty to conspiracy to commit money laundering. Between October 2002 and March 31, 2004, Nguyen laundered $2.5-$7 million in proceeds from the distribution of controlled substances. At the direction of Tuan Nguyen and Tuyen Le, he deposited cash into bank accounts in the Washington, D.C., area and obtained cashier's checks payable to fictitious individuals and entities. Nguyen then sent the checks to addresses provided by Tuan Nguyen and Tuyen Le. Eventually, Nguyen recruited several friends to assist him with the deposits. Nguyen admitted that he knew that the laundered funds derived from illicit activity.

Based on these facts, the presentence report recommended a range of 188 to 235 months in prison. This included a six-level enhancement for knowledge that the laundered funds derived from

2

drug trafficking, U.S.S.G. § 2S1.1(b)(1), and a three-level enhancement for Nguyen's role as a manager or supervisor in the conspiracy, U.S.S.G. § 3B1.1(b). The district court imposed a 188-month sentence in accordance with the presentence report's recommendation. In the alternative, the court announced a 70-month sentence, which it would have imposed but for the mandatory nature of the guidelines. See Hammoud, 381 F.3d at 353-54. After the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), Nguyen made a motion to clarify his sentence. The district court then entered an order vacating the original sentence and replacing it with the alternative one. The government appeals.

## II.

In 2004, in anticipation of a Supreme Court decision on the constitutionality of the federal sentencing guidelines, we (1) instructed district courts in the Fourth Circuit to continue to impose guideline sentences, and (2) recommended that those courts announce alternative sentences treating the guidelines as advisory. Hammoud, 381 F.3d at 353-54. This procedure was aimed at conserving judicial resources in the event the expected Supreme Court decision altered guidelines sentencing. An alternative sentence would memorialize the district court's reasoning with respect to the appropriate non-guidelines sentence and save time and effort if resentencing under a different scheme became

3

necessary.  See id.  Nothing in Hammoud gave district courts authority to do anything more than announce alternative sentences. The alternative sentence plays its role when resentencing is required by Booker.  Booker, in turn, applies retroactively only to cases that were pending on direct review when it was decided.  See 543 U.S. at 268.  Nguyen did not appeal his original sentence. Thus, his case was not pending on direct review when Booker was decided, and Booker therefore does not provide a jurisdictional vehicle to activate the alternative sentence announced under Hammoud.

The district court also lacked any other basis of jurisdiction to order the imposition of the alternative sentence. A district court has limited jurisdiction to change a sentence after it has been imposed.  It may do so only (1) upon motion of the Director of the Bureau of Prisons, (2) under express statutory authority or Federal Rule of Criminal Procedure 35, or (3) when a defendant was sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).  None of these exceptions apply here.

Because the district court lacked jurisdiction to alter Nguyen's original sentence, we vacate the order imposing the previously announced alternative sentence.  We remand for the

4

district court to enter an order reimposing Nguyen's original guidelines sentence.

VACATED AND REMANDED